UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-074 |
| | ) | |
| V. | ) | |
| | ) | |
| REGINALD R. FIELDS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 21, 2016, Defendant Reginald Fields filed a motion for the appointment of counsel, indicating that he wished to pursue collateral relief following the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). That motion was denied. [Record No. 72] Fields has now filed a petition under 28 U.S.C. § 2255, arguing that he no longer qualifies as a career offender based on *Johnson.* [Record No. 73] Because the Court lacks sufficient information to address Fields' petition, the United States will be directed to provide a response.

On February 23, 2006, a jury convicted Fields of assault on a prison official in violation of 18 U.S.C. § 111(a)(1) and (b). [Record No. 37] On July 12, 2006, Fields was sentenced to a term of 240 months' imprisonment as a Career Offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1. [Record Nos. 50, 62] According to his Presentence Report, Fields' relevant criminal history included three state-court felony convictions in Tennessee for robbery with a

-1-

deadly weapon.  [Shelby County Criminal Court, Memphis, TN, Nos. 89-07842; 89-07843; 89-07844][1]

In *Johnson*, 135 S.Ct. 2551, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutional based on the void-for-vagueness doctrine.  The Sixth Circuit has extended that holding to the similarly-worded residual clause of the Sentencing Guidelines' Career Offender provision.  § 4B1.1.  However, it does not appear that Fields was not sentenced under either of these provisions.  In *United States v. Johnson*, 530 F. App'x 528 (6th Cir. 2013), the Sixth Circuit addressed whether Tennessee's "robbery with a deadly weapon" statute, Tenn. Code Ann. § 39-2-501(a), is a violent crime for purposes of the ACCA.[2]  The Court determined that robbery with a deadly weapon is violent crime under the ACCA's use-of-force clause.  *Id.* at 533 (citing *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011)).  However, because § 39-2-501(a) encompassed robbery with and without a deadly weapon, the government was required to introduce *Shepard* documents to determine whether a deadly weapon was used to accomplish the robbery.

The Presentence Report indicates that deadly weapons were used to accomplish each of the underlying robberies which form the basis of Fields' career offender enhancement.  The Court is required, however, to examine "the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction."  *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Shepard v. United States*, 544 U.S. 13, 26

---

[1] Fields' PSR also assigned criminal history points based on a 1998 conviction for being a felon in possession of a firearm, 18 U.S.C. 922(g)(1).

[2] Robbery with a deadly weapon, Tenn. Code Ann. § 39-2-501(a), was repealed in 1989.  It was replaced by aggravated robbery, Tenn. Code Ann. § 39-13-401(a).  *See Johnson*, 530 F. App'x at 531.

(2005)).  Because these state-court documents are not in the record, the United States will be directed to file a response to Fields' petition.

Accordingly, it is hereby

**ORDERED** as follows:

1. **Within thirty-days (30) days**, the United States **SHALL** file a response to the motion to vacate that addresses all substantive and procedural issues.

2. Upon filing of the Government's response, Fields shall have **fifteen (15) days** to submit any reply.

3. Upon receipt of Fields' reply or expiration of the time for same, the matter shall stand submitted.

This 5th day of July, 2016.

Signed By:
Danny C. Reeves  DCR
United States District Judge