UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | Criminal Action No. 6:  05-074-DCR |
| Plaintiff,   ) | and |
| ) | Civil Action No. 6:  16-128-DCR |
| V.   ) | |
| ) | |
| REGINALD R. FIELDS,   ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant.   ) | |

*** *** *** ***

After a jury convicted Reginald Fields of assaulting a prison official in violation of 18 U.S.C. §§ 111(a)(1) and (b), the defendant was sentenced to a 240-month term of imprisonment, followed by a 3-year term of supervised release. [Record No. 51] He now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 73], arguing that he is entitled to relief under the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). As explained below, Fields is not entitled to collateral relief.

Fields's adjusted offense level was determined to be 25, based on application of the 2005 Guidelines Manual, but was enhanced to 32 because Fields was a career offender within the meaning of U.S.S.G. § 4B1.1.[1] [Pre-Sentence Investigation Report, "PSR", pp. 5-6] Fields's guideline imprisonment range was calculated to be 210 to 262 months with a statutory maximum of 240 months. [PSR at 12]

---

[1]   Fields had three prior convictions for robbery with a deadly weapon. [PSR at 7-8]

Fields argues that, under *Johnson*, he no longer qualifies as a career offender. [Record No. 73, p. 4] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. Fields was not sentenced under the ACCA, so *Johnson* does not apply directly to his case. Additionally, under the Supreme Court's recent decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the holding in *Johnson* does not apply by analogy to the career offender enhancement that he received under U.S.S.G. § 4B1.1. In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017).

The Court will also deny a certificate of appealability. Fields has failed to show that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong" or that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** that Defendant Fields's Motion under 28 U.S.C. § 2255 [Record No. 73] is **DENIED**. A Certificate of Appealability shall not issue.

This 7th day of March, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge